UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FORD MOTOR CREDIT COMPANY and FORD
CREDIT TITLING TRUST,

                              Plaintiff,                      **REPORT AND**
                                                                   **RECOMMENDATION**
                                                                   CV 05-4807 (DRH)(ARL)
       -against-

JOHN J. MEEHAN and MATTHEW J. MEEHAN,

                            Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

On October 12, 2005, plaintiffs Ford Motor Credit Company and Ford Credit Titling Trust, filed this action against John J. Meehan and Matthew J. Meehan ("Defendants") seeking indemnification from Defendants based, inter alia, on an indemnity provision in a lease agreement. For the reasons set forth below, it is respectfully recommended that the court dismiss this action *sua sponte* for failure to comply with Rule 25(a)(1) of the Federal Rules of Civil Procedure.

By way of background, this action arises out of a single vehicle automobile accident in which five people were injured while passengers in a vehicle leased by defendant John J. Meehan and driven by his son, defendant Matthew J. Meehan. The vehicle was leased from Plaintiffs Ford Motor Credit Company and Ford Credit Titling Trust. After the passengers sued both Ford and Defendants in state court, and after Ford settled all claims with the passengers, Plaintiffs brought this action for indemnification.

Plaintiffs moved for summary judgment on its contractual indemnification claim against defendant John Meehan only. On March 31, 2008, Judge Hurley granted in part and denied in

part Plaintiffs' motion. Judge Hurley found that the indemnification clause was valid but found that Meehan was entitled to a hearing on the reasonableness of the settlement as well as attorneys' fees and associated costs. ECF No. 37. The matter was referred to Magistrate Judge A. Kathleen Tomlinson for purposes of conducting a hearing, which took place and Judge Tomlinson reserved decision on the motion.

In Judge Hurley's ruling with respect the Plaintiffs' motion for summary judgment, he also directed that Plaintiffs were to inform this Court, via letter on or before April 14, 2008, whether they intended to proceed with their second cause of action against defendant Matthew Meehan. ECF No. 37. By letter dated April 14, 2008, counsel for Plaintiffs notified the Court that with respect to the "second cause of action against defendant Matthew Meehan, Ford advises that it intends either to file a notice of dismissal without prejudice pursuant to Fed. R. Civ. P. 4l(a) or move to dismiss without prejudice under the Rule." ECF No. 38. No motion for dismissal was ever filed.

By letter dated June 9, 2011, counsel for Defendants advised the Court of the death of defendant John Meehan. No motion for substitution pursuant to Federal Rule of Civil Procedure 25(a) was ever filed. This matter was reassigned to the undersigned on November 1, 2021.

Pursuant to Federal Rule of Civil Procedure 25 a motion for substitution must be filed within 90 days after service of a statement noting the death of a party. Federal Rule of Civil Procedure 25(a)(1) provides in relevant part:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . .the action shall be dismissed as to the deceased party."

Despite the requirements of Rule 25, no one has made a motion to substitute. In a recent case where a defendant died, the Second Circuit held that the 90-day substitution period under Rule 25(a)(1) begins when "a plaintiff is properly served a statement of death for a defendant." *See Kotler v. Jubert*, 986 F.3d 147, 153-56 (2d Cir. 2021). Here, the statement of death was served in 2011 and no motion for substation was ever made. Accordingly, given the fact that the 90-day time period within which such motion should have been made expired in 2011, the court finds that the Rule 25(a)(1) compels the dismissal of the action. *See* e.g., *Kaplan v. Lehrer*, 2006 U.S. App. LEXIS 8650 * 3 (2d Cir. 2006); *Strong v. United Cerebral Palsy Ass'n,* CV 11-5506 (MKB)(ARL), 2015 U.S. Dist. LEXIS 139332 (E.D.N.Y. Sept. 10, 2015); *Gusler v. City of Long Beach,* 10-CV-2077 (PKC) (AKT), 2015 U.S. Dist. LEXIS 79277, 2015 WL 3796328 (E.D.N.Y. June 18, 2015). The undersigned respectfully recommends the District Court dismiss all claims against John Meehan.

Similarly, with respect to the claims asserted against Defendant Matthew Meehan, the undersigned respectfully recommends that all claims be dismissed in accordance with the representations made in counsel's letter of April 2008.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
November 2, 2021

                                                                                      _____/s/_____
                                                                                   ARLENE R. LINDSAY
                                                                                   United States Magistrate Judge